**UNITED STATES BANKRUPTCY COURT**
**DISTRICT COURT OF THE VIRGIN ISLANDS**
**BANKRUPTCY DIVISION**

In re:

CARIBBEAN AUTO MART OF
ST. CROIX, INC.

Debtor.

_____

CERTAIN CREDITORS:  ANNELLE KNIGHT,
ESTHER NEWTON, FITZROY WILLIAMS,
PAULINE PETER, JANET RIVERA, RAMS
AUTO REPAIR, DEREK CAMBRIDGE,
ASHEEM CHARLES, MONIQUE XAVIER,
MICHAEL FELIX, BERNARD HAMILTON,
and LEON RICHARDSON, individually as
CERTAIN CREDITORS,

Petitioners,

v.

CARIBBEAN AUTO MART OF ST. CROIX,
INC., CAG INTERNATIONAL, INC., d/b/a
CARIBBEAN AUTO GROUP, and WILLIAM
LAMBERT,

Respondents.

Bankruptcy No. 1:13-bk-10003
Chapter 7

Adv. Pro. No.: _____

**PETITION FOR SUBSTANTIVE CONSOLIDATION OF NONDEBTOR ESTATES AND
FOR DECLARATION THAT CAG INTERNATIONAL, INCORPORATED D/B/A
CARIBBEAN AUTO GROUP AND/OR WILLIAM LAMBERT AS AN INDIVIDUAL
USED CARIBBEAN AUTO MART OF ST. CROIX, INCORPORATED AS AN ALTER
EGO SO THAT THE CORPORATE VEIL HAS BEEN PIERCED**

**COME NOW** Certain Creditors, acting in substitution for the Trustee, by and

through undersigned counsel, allege as follows:

**LAW OFFICES OF
Rohn &
Cameron, LLC**
1101 King Street
Christiansted
VI 00820-4933
Tel:  340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 2

## SUMMARY OF ACTION

1.  This is an action to substantively consolidate the estate of the above-captioned debtor (the "Debtor") with the estates of the Debtor's nondebtor parent corporation and the majority shareholder of the parent corporation. This action also seeks a declaration that Debtor is merely the alter ego of CAG International d/b/a Caribbean Auto Group ("CAG") and its majority shareholder William Lambert which merits piercing the corporate veil. CAG has substantially controlled the Debtor and Debtor's property to the detriment of the Certain Creditors.

2.  The estates of Debtor and CAG are irreconcilably commingled. Given such entanglement and unity of interest and identity, substantive consolidation is necessary to ensure the equitable distribution of property to the Certain Creditors of such estates. The assets and liabilities of the estates of the Debtor and CAG are so intertwined that separating them would be cost and time prohibitive and would injure the Certain Creditors of the Debtor.

3.  This action also seeks a judicial determination that the Debtor is merely the alter ego of CAG such that any actions taken by the Debtor were truly the actions of CAG and William Lambert. CAG's owners and board of directors are the same as Debtor's and the six other corporations that CAG owns. All seven entities file taxes on a consolidated financial statement. Further the accounting practices show that CAG is the "master mind" of the overall structure and operates the subsidiary corporations for the overall benefit of CAG.

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 3

4.    CAG, by and through its president, William Lambert, have obtained financing and/or transferred assets to the detriment of the Debtor and benefit of other subsidiary corporations under CAG or for CAG itself.  An internal accounts receivable spreadsheet is evidence of the control CAG had over the Debtor and the other subsidiary corporations.   The internal spreadsheet from December 31, 2012, notes that Debtor was liable for over one million dollars in debts to "other interrelated entities".  However, the other interrelated entities are merely other CAG subsidiaries.  There is no explanation as to what the debts were for or why such large sums were owed from one subsidiary to the next.

5.    CAG, by and through its president William Lambert, have effectively fraudulently transferred interests of Debtor to CAG and/or subsidiaries of CAG. To the extent that CAG's claim against Debtor is not negated by the fact that Debtor was simply created as an alter ego of CAG, then this action seeks the equitable subordination of CAG's purported claim and the purported claim of any CAG subsidiary.  CAG has exercised its control of the Debtor as well as control and dominion over Debtor's property.

**JURISDICTION AND VENUE**

6.    On March 4, 2012, Debtor filed a voluntary petition ("Petition") in bankruptcy under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 4

7.   On November 2, 2013, the Trustee filed a Report of No Distribution finding that Debtor had no asset and that the estate of Debtor had been fully administered. [Docket text only]

8.   The Certain Creditors filed an Objection to the Trustee's Report of No Distribution on December 9, 2013.  [ECF Document No. 63]

9.   Pursuant to 28 U.S.C. § 1334(b), the Bankruptcy Division of the District Court of the Virgin Islands (this "Court") has subject matter jurisdiction over this adversary proceeding.

10.  Pursuant to 28 U.S.C. § 1409(a), venue for this action is proper in this Court as this adversary proceeding is related to the Debtor's Chapter 7 bankruptcy case.

11.  The claims asserted herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## THE PARTIES

### A. Certain Creditors/Petitioners

12.  Certain Creditors/Plaintiffs are comprised of twelve individuals or entities who have sued the Debtor in other matters including:  Annelle Knight, Fitzroy Williams, Esther Newton, Pauline Peter, Janet Rivera, Rams Auto Repair, Derek Cambridge, Asheem Charles, Monique Xavier, Michael Felix, Bernard Hamilton, and Leon Richardson.

13.  Those individual lawsuits are all currently stayed pending the resolution of the bankruptcy in this matter.

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 5

### B. **The Debtor/Respondent**

14.    Debtor/Defendant corporation Caribbean Auto Mart is a wholly owned subsidiary of CAG International, Incorporated, d/b/a Caribbean Auto Group ("CAG").

15.    At all times relevant to the subject matter of this Petition, William Lambert served and upon information and belief, continues to serve as the President of the Debtor.

16.    The Debtor is a corporation formed under the laws of the U.S. Virgin Islands. The Debtor's principal place of business is in Christiansted, St. Croix, U.S. Virgin Islands.

### C. **CAG International d/b/a Caribbean Auto Group, Incorporated/Respondent**

17.    CAG is an entity formed under the laws of the Virgin Islands with a principal place of business in St. Thomas and St. Croix, U.S. Virgin Islands.

18.    CAG is the owner of 100% of the stock of the Debtor.

19.    At all times relevant to the subject matter of this Petition, William Lambert has served and, upon information and belief, continues to serve as the President of CAG.

20.    CAG is the parent corporation for seven corporations including Debtor: Debtor, Triple C. Incorporated, Lambert Brothers Incorporated, CT Real Estate Investments Incorporated, Chrysler-Dodge-Jeep of STX Incorporated, Lambert Hilton Incorporated, and Caribbean Auto Mart Incorporated.

*In re:  Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 6

### D.  Mr. William Lambert/Respondent

21.    Mr. William Lambert ("William Lambert") is an individual and resident of the U.S. Virgin Islands.  Mr. Lambert resides on St. Croix, U.S. Virgin Islands.  During all times relevant to the subject matter of this Petition, William Lambert has served and upon information and belief, continues to serve as president of CAG.  He is also president of all seven subsidiaries of CAG.

### INTERRELATED ENTITIES

### E.  Mr. Charles Lambert

22.    Mr. Charles Lambert ("Charles Lambert") is upon information and relief, an individual and resident of the State of Utah.  During all times relevant to the subject matter of this Petition, Charles Lambert served as a corporate officer of CAG as well as most of the other CAG subsidiaries.  Charles Lambert is William Lambert's brother.

### F.  Triple C. Incorporated

23.    Triple C., Inc., ("Triple C") is a corporation formed under the laws of the U.S. Virgin Islands with a principle place of business in St. Croix, U.S. Virgin Islands.  Triple C is a wholly owned subsidiary of its parent corporation CAG.  Upon information and belief, William Lambert, at all times relevant to this Petition, served and continues to serve as the President of Triple C.

### G.  Caribbean Auto Mart, Incorporated

24.    Caribbean Auto Mart, Inc., ("CAM") is an entity formed under the laws of the U.S. Virgin Islands with a principal place of business in St. Thomas, U.S. Virgin

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 7

Islands. CAM is a wholly owned subsidiary of its parent corporation CAG.  Upon

information and belief, William Lambert, at all times relevant to this Petition,

served and continues to serve as the President of CAM.

### H. CT Real Estate Investments, Incorporated

25.    CT Real Estate Investments, Inc., ("CTREI") is an entity formed under the laws

of the U.S. Virgin Islands with a principal place of business in St. Croix, U.S.

Virgin Islands. CTREI is a wholly owned subsidiary of its parent corporation

CAG.  Upon information and belief, William Lambert, at all times relevant to this

Petition, served and continues to serve as the President of CTREI.

### I. Chrysler-Dodge-Jeep of St. Croix, Incorporated

26.    Chrysler-Doge-Jeep of St. Croix, Inc., ("CDJSTX") is an entity formed under the

laws of the U.S. Virgin Islands with a principal place of business in St. Croix,

U.S. Virgin Islands. CDJSTX is a wholly owned subsidiary of its parent

corporation CAG.  Upon information and belief, William Lambert, at all times

relevant to this Petition, served and continues to serve as the President of

CDJSTX.

### J. Falcon Financial

27.    Falcon Financing, LLC ("Falcon") is a lending institution formed under the laws

of Delaware, and upon information and belief, with a principal place of business

in Utah.  Upon information and belief, Falcon is at least partially owned by a

minority shareholder of CAG, Charles Lambert.  Falcon provided loans to the

Debtor at the request of William Lambert.

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 8

### K. Keystone Properties, LLC

28.    Keystone Properties, LLC ("Keystone") is limited liability corporation, upon

information and belief, formed under the laws of the U.S. Virgin Islands, with a

principal place of business in Christiansted, St. Croix, USVI.  Upon information

and belief, Keystone is partially owned by a minority shareholder of CAG,

Charles Lambert.  Keystone acted as a landlord to Debtor at the request of

William Lambert.

### L. First Southwestern Financial Services

29.    First Southwestern Financial Services ("FSFS") is a lending institution formed

under the laws of Utah, with a principal place of business in Roy, Utah.  Upon

information and belief, FSFS is partially owned by a minority shareholder of

CAG, Charles Lambert.  FSFS provided loans to the Debtor at the request of

William Lambert.

### FACTUAL BACKGROUND

30.    In 2001, CAG caused the incorporation of the Debtor, listing William Lambert,

Charles Lambert, Dave Rittman, and Sydne Hilton as the original board of

directors.

31.    Upon information and belief, while the positions of those directors have

changed over the years, the people on the board have not changed.

32.    CAG purchased 100% of the stock of the Debtor shortly after its incorporation

in 2001.

*In re:  Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 9

33. William Lambert owns fifty-percent of CAG, Charles Lambert and Sydne Hilton each own 25% of CAG.

34. The board of the Debtor is comprised of the same individuals as the board of CAG.

35. In his position as president of CAG and its subsidiaries, William Lambert has exercised direct control of all dealings of CAG and its subsidiaries.

36. William Lambert and CAG directed the Debtor's finances, including what debt the Debtor amassed.

37. CAG as the parent corporation intertwined the business dealings of the Debtor with those of CAG's other subsidiaries.  This was done to the benefit of CAG and its subsidiaries and to the detriment of the Debtor.

38. William Lambert and CAG used the Debtor as a guarantor on loans that other CAG subsidiaries took out.

39. When those loans ultimately were defaulted on, the Debtor became the responsible party.

40. William Lambert and CAG also obligated the Debtor to other CAG subsidiaries by procuring property and then leasing said property to the Debtor when William Lambert and CAG knew that the Debtor was becoming insolvent.

41. William Lambert and CAG do not maintain the CAG and its subsidiaries as separate entities.

42. The Debtor was never adequately capitalized.  Upon its incorporation a minimum of 1,000 shares were necessary with a maximum of 50,000 shares.

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 10

The value of each share was one dollar. Even at the maximum number of shares, the Debtor was woefully undercapitalized for a company that would go on to procure million-dollar loans.

43.  All seven entities file taxes on a consolidated tax return and financial statement.

44.  All seven entities use the same financial tracking program.

45.  All seven entities have the same human resources administrator.

46.  All seven entities' payroll is administered through one account.

47.  All seven entities are insured under a joint policy obtained and held by CAG.

48.  Employees of CAG and its subsidiaries were able to and did work for more than one subsidiary based on the need of that subsidiary at the time.

49.  In the three months prior to the filing of this bankruptcy petition, the Debtor at the direction of William Lambert and CAG, paid out over $512,583.44 to various CAG entities. Upon information and belief, there is no documentation as to the reasons for the payments.

50.  The actions of William Lambert and CAG were designed to purposefully deplete the assets of the Debtor to the benefit of CAG and the other six subsidiaries.

51.  William Lambert and CAG meticulously funneled money into the affiliates of the Debtor and then made the Debtor liable for that debt.

52.  Starting as early as 2002, William Lambert began to obtain lending on behalf of the Debtor for "floor plans" on used vehicles.

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 11

53.    William Lambert, on behalf of the Debtor obtained a loan on April 18, 2002, from FSFS (formerly Sunshine Financial, LLC) $500,000.  FSFS is partially owned by Charles Lambert.  This loan was ultimately paid back.

54.    On December 30, 2004, William Lambert again obtained a loan from FSFS on behalf of the Debtor.  This loan was also for $500,000 and was ultimately not paid back.  William Lambert and CAG knew at that time that the Debtor was becoming insolvent yet still procured the loan.

55.    William Lambert and CAG siphoned funds out of the Debtor to benefit CAG and its subsidiaries.

56.    William Lambert and CAG defrauded their Certain Creditors by procuring loans under the Debtor and using the Debtor as a guarantor when William Lambert and CAG knew the Debtor was becoming insolvent.

## CAUSES OF ACTION

## COUNT I

## PETITION FOR SUBSTANTIVE CONSOLIDATION OF NONDEBTOR ESTATES

57.    The Certain Creditors incorporate by reference the allegations set forth in paragraphs 1 through 56 as though fully set forth herein.

58.    The estates of the Debtor's above-named nondebtor parent corporation and affiliates and of William Lambert are irreconcilably intermingled with the Debtor's estate.  The estates of the Debtor, parent company, affiliates, and William Lambert are so intertwined that separating them is prohibitive and

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 12

detrimental to all Certain Creditors.  All such entities are completely dominated

by William Lambert.

59.  The Debtor was never adequately capitalized for its business and was only

solvent for approximately a year before William Lambert began indebting the

Debtor to other CAG affiliates.

60.  Upon information and belief, William Lambert, CAG, and its subsidiaries used

the Debtor to siphon funds therefrom.

61.  Under William Lambert's control, the Debtor simply functioned as a façade for

CAG and William Lambert.

62.  As set forth above, the Debtor was used by William Lambert and CAG to

defraud their Certain Creditors.  William Lambert obtained the financing on all

loans procured by the Debtor.  Ultimately, money from the loans went to CAG

and its subsidiaries and the debt remained with the Debtor.

**WHEREFORE**, the Certain Creditors respectfully request that this Court enter an order

(i) directing the substantive consolidation of the estate of the Debtor with the estates of CAG

and William Lambert, (ii) granting such other and further relief as is just and proper.

## COUNT II

## PETITION FOR DECLARATION THAT THE DEBTOR WAS MERELY THE ALTER EGO

## OF CAG AND THUS THE CORPORATE VEIL IS PIERCED

63.  The Certain Creditors incorporate by reference the allegations set forth in

paragraphs 1 through 62.

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 13

64.     CAG and William Lambert have maintained complete control and dominion over the Debtor since its incorporation.

65.     CAG and William Lambert caused the formation of the Debtor.

66.     CAG has used its position of control to deplete the Debtor's estate.

67.     CAG's control of the Debtor is so complete that the Debtor's assistant corporate secretary admitted that William Lambert, Charles Lambert, and Synde Hilton are the Principals of the Debtor and the other CAG subsidiaries.

68.     CAG ran the Debtor as an "alter ego" of itself for its own benefit.

69.     The Debtor was undercapitalized from its inception and through the point in time that CAG and William Lambert were siphoning funds through the corporation.

70.     William Lambert became the dominant stockholder and had complete control of the Debtor.   As such, Charles Lambert and Synde Hilton were non-functioning officers.

71.     There is an absence of corporate records to document the purported "debts" that CAG and its subsidiaries claim are owed to them by Debtor.

72.     The Debtor was merely a façade for the operations of William Lambert and CAG.

**WHEREFORE**, the Certain Creditors respectfully request that this Court enter an order (i) declaring that the Debtor was merely the alter ego of CAG and William Lambert and that the corporate veil is pierced so that CAG and William Lambert are liable for the debts of the Debtor and (ii) granting such other and further relief as is just and proper.

*In re: Caribbean Auto Mart of St. Croix*, Bankruptcy No. 1:13-bk-10003
**PETITION FOR SUBSTANTIVE CONSOLIDATION AND DECLARATION**
Page 14

RESPECTFULLY SUBMITTED
LEE ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiff


DATED:  March 15, 2018          BY:   /s/ *Lee J. Rohn*
                                      Lee J. Rohn, Esq.
                                      VI Bar No. 52
                                      1101 King Street
                                      Christiansted, St. Croix
                                      U.S. Virgin Islands 00820
                                      Telephone: (340) 778-8855